DORIS M. NIELSON ET AL. *v.* ZONING COMMISSION OF
WATERBURY ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 6—decided April 17, 1962

*Michael V. Blansfield,* for the appellants (plaintiffs).

*Vincent P. Matasavage,* for the appellee (defendant Stokes); with him were *Harry F. Spellman* and, on the brief, *John D. Mahaney* and *Charles E. O'Connor,* for the appellee (defendant commission).

ALCORN, J.   The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal from the action of the zoning commission of Waterbury in granting the application of the defendant John W. Stokes to change the zone of his property from a residence to a business classification.

Stokes owns a plot of land fronting about 271 feet on Highland Avenue at the corner of Ledgeside Avenue.   The lot is about 150 feet deep, and there are two houses on it.   It is in a B residence zone.   Stokes, having previously obtained the approval of the city planning commission for the change, applied to the board of aldermen on June 14, 1960, to change the zone to business 1 so that one of the houses could be converted into a funeral home and the other into a professional building. The board of aldermen of the city of Waterbury serves as its zoning commission.   General Statutes § 8-1.   A committee of the zoning commission viewed the property and on July 29, 1960, held a public hearing on Stokes's application. Fifty-nine persons appeared at the hearing in opposition to the proposed change of zone.   On October 3, 1960, the committee recommended to the zoning commission that the change of zone be granted and stated its reasons therefor.   The zoning commission adopted the change of zone but did not, as a collective body, state on its records any reasons for the change, as required by § 8-3 of the General Statutes.   This omission did not render its action void, although

it does interfere with a proper appellate review of the commission's action. *Woodford* v. *Zoning Commission,* 147 Conn. 30, 31, 32, 156 A.2d 470. The plaintiffs appealed from the decision of the commission to the Court of Common Pleas.

Included in the record returned by the zoning commission to the court, in connection with the appeal, was a summary of the evidence given by the witnesses who appeared at the public hearing. The plaintiffs moved the trial court to correct the record by having the actual testimony of the witnesses transcribed for use on the appeal. The plaintiffs also moved that they be permitted to offer evidence which they claimed was not offered at the zoning hearing but which had an essential bearing on the issue. The court took no action on the motion to correct the record, denied the motion to permit further evidence and sustained the action of the zoning commission on the basis of the record returned by it in connection with the appeal.

The plaintiffs' thirty-eight assignments of error present, in substance, five questions: (1) Did the court err in refusing to grant the plaintiffs' motion to correct the record returned by the zoning commission? (2) Did it err in denying the plaintiffs' motion for permission to offer evidence on the appeal in addition to the record returned by the commission? (3) Did the action of the commission constitute spot zoning? (4) Was the commission's action arbitrary, illegal and an abuse of discretion? (5) Did the court err in refusing to make a limited finding? The first question is answered by the fact that there is no action to review, since the record does not disclose that the court took any action on the motion to correct the record.

The second question concerns the denial, which

does appear, of the motion for permission to offer additional evidence on the appeal. This motion called for a decision, in the exercise of the court's legal discretion, as to whether additional evidence was necessary for the equitable disposition of the appeal. General Statutes § 8-8; *Tarasovic* v. *Zoning Commission*, 147 Conn. 65, 69, 157 A.2d 103. The evidence which the plaintiffs sought to offer concerned a traffic count of vehicles using the street adjacent to the property and photographs of driveways or passways to the buildings. The return of the zoning commission included some photographs and a stipulation that various persons had stated at the zoning hearing that the requested change would cause a severe traffic hazard. We cannot say that the court, under these circumstances, abused its discretion in denying the motion.

The third and fourth questions are not presented in a manner to permit a review by us. They deal with the problem whether the zoning commission's action was arbitrary, illegal and an abuse of discretion, or was spot zoning. The burden of showing that the zoning commission acted improperly is on the plaintiffs. *Abramson* v. *Zoning Board of Appeals*, 143 Conn. 211, 214, 120 A.2d 827. In the appeal to this court, it was incumbent on the plaintiffs to set forth, in an appendix to their brief, such portions of the record returned by the zoning commission, but not included in the printed record, as are asserted to be material in support of their claims. Practice Book §§ 415A, 447A. The plaintiffs' brief contains no appendix. Consequently, we are without means for testing the validity of the plaintiffs' claims regarding the propriety of the zoning commission's action.

The complaint that the court erred in refusing to

make a limited finding is without merit. Where the court does not hear evidence, but decides the appeal on the record returned by the zoning authority, as was the case here, no finding should be made. *Isdale* v. *Town Plan & Zoning Commission,* 141 Conn. 509, 512, 107 A.2d 267; *Kuehne* v. *Town Council,* 136 Conn. 452, 457, 72 A.2d 474.

There is no error.

In this opinion the other judges concurred.