ESTHER STROM ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF WESTPORT ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 7, 1965—decided January 25, 1966

*James M. Desmond,* for the appellants (plaintiffs).

*Edwin K. Dimes,* for the appellee (defendant commission) and *Thomas C. Gerety,* for the appellee (defendant Samuel H. Haims, trustee).

MURPHY, J. The named plaintiff and the Gorham Isle Management Company are the owners of approximately eight acres of land on Gorham Island, so-called, in the Saugatuck River in Westport. The island is zoned residence A, which zone permits occupancy of one-half-acre lots by one-family, detached dwellings. Westport Zoning Regs. c. 3 § 3 (B), (C) (1) (1958, as amended). The plaintiff owners petitioned the planning and zoning commission of Westport for a change of the zone of their property from residence to business to allow its use for commercial purposes. The commission denied the application, and upon appeal to the Court of Common Pleas, the action of the commission was sustained. From the judgment rendered, the plaintiffs have appealed.

Gorham Island lies west of Main Street, the principal business district in the center of Westport. In 1954, the Parker-Harding Plaza was constructed by the filling in of the east bank of the Saugatuck River in the rear of the stores facing Main Street. A bulkhead retains the reclaimed land in the plaza, which serves as a general parking area. The filling operation diminished the width of a tidal inlet between the island and the plaza to a narrow canal. A bridge over the canal at the northern end of the

plaza at Avery Place connects the island with the Main Street business district. State Street is the southern boundary of the plaza. North of Avery Place and east of the canal, a restricted business district, which parallels the major length of the island, extends to Kings Highway North. About three acres at the southerly end of the island have an elevation ranging from about eight and one-half feet to thirteen feet above mean sea level. There are two houses on this end of the island. The major and northerly portion of the plaintiffs' property is salt meadow or marshland. Between the plaintiffs' holdings and Kings Highway North, there are two private residences on the northernmost part of the island. The plaintiffs have a right of way to the highway over the property of the adjoining owner. The area north of Kings Highway North lying northeast of the subject property is in a residence A zone and that directly north of Gorham Island is occupied by a nonconforming business use.

The plaintiffs' application for the change of zone stated that the property is not suitable or useful for residential development and that the logical and proper use of it is for business purposes. In their presentation to the commission, the plaintiffs outlined their plans for the utilization of this property as a shopping center by building up the island with gravel fill and the construction thereon of commercial establishments with parking for 570 cars. The movement of traffic would be facilitated by a road which would be built over the right of way to Kings Highway North, and at the southeasterly tip of the island additional access to Parker-Harding Plaza would be provided by bridging the canal.

The zoning regulations in Westport require that

each half-acre lot in a residence A zone be of such shape that an oblong 100 feet by 150 feet will fit on the lot. Westport Zoning Regs. c. 3 § 3 (C) (1) (1958, as amended). This requirement and the topography and location of the subject property, which parallels the business districts for its entire length, preclude the use of the property in its present condition for one-family residences. The development of the island for residential use by filling and site preparation was described by an expert witness as inconceivable because of the prohibitive costs, the restricted number of obtainable sites and the inordinately high prices which would have to be charged for houses in a location unsuitable for residences. In effect, the plaintiffs claimed that since zoning was adopted in Westport in 1930, the town has grown from a population of 6000 to 22,000 with the consequent increase in the area requirements for business in the center of town; that, when Gorham Island was originally zoned for residence, that classification was in harmony with that of the surrounding area; and that the construction in 1954 of the Parker-Harding Plaza, which destroyed the natural buffer of the east branch of the Saugatuck River and extended the Main Street business district between Avery Place and State Street to within a few feet of the plaintiffs' property, and the creation in 1956 of the restricted business district north of Avery Place at Village Square have in combination created conditions which alter the character of the area and restrict the enjoyment of their property to such an extent that it cannot be utilized for any reasonable permitted use. *Ball* v. *Town Plan & Zoning Commission,* 146 Conn. 397, 400, 151 A.2d 327.

At the public hearing on the plaintiffs' applica-

tion, two of the four members of the defendant commission who were present stated that the commission which drafted a plan of development for the town in 1959 and of which they were members did not want business on Gorham Island and that it designated that area as "open space" for recreation or preservation. In the absence of any evidence that the town had made any attempt to acquire the property, by eminent domain or otherwise, for these purposes or for municipal parking, the plaintiffs' claim of confiscation by arbitrary and restrictive regulation gains support. *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 308, 197 A.2d 770.

Upon appeal to the Court of Common Pleas, the plaintiffs on April 28, 1964, when the case was reached for trial, sought to introduce evidence, additional to that presented to the commission, to prove that the action of the commission in denying the request for the change of zone so restricted the use of the property that it went beyond valid regulation and constituted a taking without due process and in violation of constitutional prohibitions. See *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915. The trial court denied the motion to introduce that evidence, stating that, if confiscation was claimed, the plaintiffs should seek a variance from the zoning board of appeals. The court was relying ostensibly upon the dicta in *Florentine* v. *Darien,* 142 Conn. 415, 426, 115 A.2d 328. The unsoundness of this view is pointed out in the footnote to *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 269 n., 205 A.2d 774.

Section 8-8 of the General Statutes, which prescribes the procedure in the trial court upon appeal,

was amended by No. 45 of the 1963 Public Acts, effective October 1, 1963. It governed the procedure at the time of trial and provides for the reception of additional evidence where the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, or where the court feels that additional evidence is necessary for the equitable disposition of the appeal. We note that the transcript of the hearing contains numerous instances where there are dash marks, several series of question marks with *no identification* of the speaker, and a number of instances in which the stenographer was unable to transcribe the proceedings because everyone was talking at once. The transcript can hardly be termed complete. Therefore, since the plaintiffs raised before the commission the question of the deprivation of their right to use their property in a reasonable manner and since in their pleadings on appeal, they asserted that the action of the commission amounted to confiscation, the trial court under the rule in *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* supra, 269, should have permitted the introduction of additional evidence, limited to the constitutional question of confiscation in order to equitably dispose of the appeal. General Statutes § 8-8.

There is error, the judgment is set aside and the case is remanded for further proceedings, on the issue of confiscation only, in accordance with this opinion.

In this opinion the other judges concurred.