CHARLES A. LUPINACCI ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF DARIEN (two cases)

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 3—decided May 25, 1966

*Irving S. Ribicoff,* with whom were *Louise H. Hunt* and, on the brief, *Walton Clark, Jr.,* and *Mildred Weil,* for the appellants (plaintiffs).

*Warren W. Eginton,* with whom, on the brief, were *Edward R. McPherson, Jr.,* and *P. Hurley Bogardus,* for the appellee (defendant).

HOUSE, J. Two appeals by the plaintiffs have been combined for hearing in this court in accordance with § 606 of the Practice Book. Both arise from efforts of the plaintiffs to obtain a change in the zonal classification of a portion of their property in Darien from a residence R-½ zone to a planned retail business zone. They attempted to accomplish this change by separate simultaneous applications to the defendant, the planning and zoning commission of Darien, hereinafter referred to as the commission. One was an application to amend the plan of development to include the proposed change in zone; the other was for a specific change in the zonal classification of the property.

A full "simultaneous" hearing on both applications was held by the commission. Since two members of the commission were absent, it was stipulated that the four members present should hear and decide the merits of the applications. In executive session, after the hearings, the four members split evenly, two in favor of granting the requested change and two opposed. This failure to grant the applications amounted to a denial of them. *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 576, 219 A.2d 445. On the pleadings in the Court of Common Pleas, the commission admitted that it had denied the applications. The plaintiffs in their appeals alleged that the denial was illegal, arbi-

trary, unreasonable and in abuse of the commission's discretion and that it constituted a denial to the plaintiffs of due process of law and of their state and federal constitutional rights. The Court of Commom Pleas dismissed the appeals.

In such circumstances, since the plaintiffs attacked the legality and reasonableness of the result, the burden of proof rested with them, and, in considering the appeals, we examine the record before the commission to determine whether it supports the commission's failure to approve the applications. *Hall* v. *Planning & Zoning Board,* supra.

The property for which the change of zone is requested consists of 2.47 acres of a four-acre tract of undeveloped land lying in a still larger triangular area between the Connecticut Turnpike, the Boston Post Road and the New York, New Haven and Hartford Railroad. On two sides the subject property is bounded by highways which separate it from business zones, on a third side it is bounded by a business zone, and on the fourth side it is bounded by the larger residential zone of which it is a part. Over the years, since zoning was inaugurated in Darien in 1925, there has been a gradual but definite encroachment of business into the area, and the effect of granting either of the plaintiffs' applications would be to continue this trend and further increase the business zone at the expense of the adjoining residential area.

The record demonstrates that the commission in considering the plaintiffs' applications gave "full and careful consideration . . . to the overall welfare of the community as a whole, considering all the factors involved." In the formal notice of the denial of the applications, it noted that the requested change of zone "would not be in compliance with

the Plan of Development" and expressly solicited from the plaintiffs "alternate proposals for the general neighborhood." This is of particular significance, since a granting of the plaintiffs' desired change of zone from residence R-½ to planned retail business would downgrade the zonal classification five steps, passing over the less restrictive residential area requirements of two other residential classifications and three zones in the category of designed office and research. Darien Zoning Regs. §§ 300, 320 (1964).

The commission may have reasonably concluded that public interest required that the land in question remain residential or be reclassified in any one of the zones between residence R-½ and planned business as a proper dividing area between the business zone and the remaining adjoining residential area. At the time of the hearing, the commission was working on a new master plan of development, and one ground of objection voiced at the hearing was that no action to change the zone should be taken until this new plan had been developed.

Also, there is nothing in the record to support the plaintiffs' claim that their land is unusable in the present classification or in one of the five classifications between residence R-½ and planned retail business. "That it could not economically be used under one or more of the other zone requirements does not appear." *Zygmont* v. *Planning & Zoning Commission*, 152 Conn. 550, 555, 210 A.2d 172. In these circumstances it cannot be held that "the action of the commission in denying the request for the change in zone so restricted the use of the property that it went beyond valid regulation and constituted a taking without due process." *Strom* v. *Planning & Zoning Commission*, 153 Conn. 339, 343,

216 A.2d 623; see *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915.

"So long as it appears that an honest judgment has been reasonably and fairly exercised by the commission after full hearing, courts should be cautious about disturbing its decision. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers. *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454; *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 71, 157 A.2d 103. The courts allow zoning authorities this discretion in determing the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. See *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597. It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal. *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746." *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886.

The plaintiffs had the burden of proving that the commission acted illegally, arbitrarily or in abuse of its wide discretion. This they failed to do.

One remaining assignment of error requires brief comment. On the appeal to the Court of Common Pleas, the court visited the premises. For the record on the appeal to this court, the plaintiffs submitted a limited draft finding, one paragraph of which contained a recital of "physical features" which they

claimed a view of the premises disclosed. They claim error in the refusal of the court to find these facts. "We cannot review evidence thus obtained." *G. F. Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218, 146 A. 20; *Canepari* v. *Townshend,* 142 Conn. 477, 479, 115 A.2d 432; *Albright* v. *MacDonald,* 121 Conn. 88, 91, 183 A. 389. On the other hand, we can properly turn to the memorandum of decision to ascertain the ground on which the court acted. *Grievance Committee* v. *Rottner,* 152 Conn. 59, 64, 203 A.2d 82; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 230, 140 A.2d 863. The memorandum of decision states: "A visit to the premises by the Court did not disclose any additional facts or provide any observations from which any further facts could be inferred that cannot be found in the record." In these circumstances there clearly was no error in the court's ruling. See Practice Book § 620.

There is no error.

In this opinion the other judges concurred.