STEPHEN CHUCTA ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF SEYMOUR

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued December 9, 1966—decided January 3, 1967

*Joseph B. Buckley* and *Jo Anne M. Kiely,* with whom, on the brief, was *Joseph P. Flynn,* for the appellants (plaintiffs).

*William J. Cousins,* for the appellee (defendant).

House, J.   The plaintiffs appealed from a judgment of the Court of Common Pleas which dismissed their appeal to that court from the action of the defendant commission in amending the zoning regulations to increase the minimum lot size and lot frontage requirements in a rural area of Seymour.   On the pleadings, the sole issue before the trial court was whether "[i]n amending said regulations the said Commission acted illegally, arbitrarily and in abuse of the discretion vested in it," as the plaintiffs alleged.   The plaintiffs had the

burden of proving this contested allegation of their complaint. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274; *Ferndale Dairy, Inc.* v. *Zoning Commission,* 148 Conn. 172, 175, 169 A.2d 268.

When the plaintiffs took their appeal to the Court of Common Pleas, the commission, in accordance with the provisions of § 8-8 of the General Statutes and Form 784 of the Practice Book, returned to that court the original of the papers constituting the record of the case. The return included a transcript of the proceedings at the public hearing, which preceded the vote of the commission, "except insofar as a part of the recorded evidence . . . could not be transcribed." The parties agree that, at the hearing, a tape recording device was used to record the proceedings, that subsequently someone used the same tape for dictation, with the result that part of the recorded proceedings at the hearing could not be transcribed, and that the record available on the plaintiffs' appeal was therefore incomplete. Notwithstanding this lack of a complete record, the parties expressly stipulated and agreed "that the Court could and should decide the case on the record as filed in Court." No effort was made by the plaintiffs to offer any evidence in the Court of Common Pleas, which concluded that the action of the commission was not arbitrary or illegal, and it found the issues for the commission and dismissed the appeal.

On the appeal to us, the plaintiffs assert that the failure of the commission to produce a complete record of the public hearing and its failure to state the reasons for its decision "invalidates and makes illegal the Commission's decision" and, further, that in the absence of such a statement of reasons

and complete record, "the trial court should have requested and required introduction of evidence in order to render a valid judgment."

The plaintiffs' claims are totally without merit.

The failure of the commission to state on its records any reasons for the change of zone does interfere with a proper appellate review of its action. Such a failure does not, however, make the commission's action void, and the plaintiffs still had the burden of proving that the commission acted illegally or so arbitrarily and unreasonably as to invalidate its action. *Nielson* v. *Zoning Commission,* 149 Conn. 410, 411, 180 A.2d 754; *Corsino* v. *Grover,* 148 Conn. 299, 310, 170 A.2d 267; *Woodford* v. *Zoning Commission,* 147 Conn. 30, 32, 156 A.2d 470.

It was a similar inability of a zoning authority to return to the Court of Common Pleas a transcript of the proceedings before it which led to the enactment of the present statutory provision concerning the introduction of evidence in addition to the contents of the record returned by a zoning board. In *London* v. *Zoning Board of Appeals,* 150 Conn. 411, 413, 190 A.2d 486, owing to a mechanical failure of the recording device, no transcript of the hearing was available on the appeal from the board's decision. The opinion in that case reviewed the appellate procedure prior to the adoption of No. 460 of the 1959 Public Acts. Section 1 of that act is now General Statutes § 8-7a, which requires that zoning commissions and boards of appeal "shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device" in each case in which there is a right of appeal to the Court of Common Pleas. Section 2 of the act struck out of § 8-8 of the General Statutes the portion which allowed any

party to an appeal to introduce evidence to supplement an incomplete record of the case returned by the board. Accordingly in the *London* case, the absence of a transcript and the inability to introduce evidence deprived the aggrieved plaintiffs of a reasonable opportunity to sustain their burden of showing illegality on the part of the zoning board, and their appeal was sustained. The decision was rendered in March, 1963, and the General Assembly, then in session, promptly enacted remedial legislation in the provisions of Public Acts 1963, No. 45, which is now incorporated in § 8-8 of the General Statutes.[1]

Since in the present case, owing to accident, the record returned by the commission did not contain a complete transcript of the entire proceedings before it, the plaintiffs, according to the express provisions of § 8-8, had the right to produce any relevant evidence in the Court of Common Pleas to support their allegations that the commission's action was illegal or unreasonable. See *Faubel* v. *Zoning Commission*, 154 Conn. 202, 204, 224 A.2d 538; *Strom* v. *Planning & Zoning Commission*, 153 Conn. 339, 343, 344, 216 A.2d 623. Although the plaintiffs had the burden of proof, they not only elected not to produce any evidence whatsoever but expressly stipulated that the court "could and should decide the case on the record as

[1] "Sec. 8-8. APPEALS FROM BOARD TO COURT. . . . The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ."

filed in Court." Under these circumstances, their present claims, i.e., that the court erred "[i]n failing to hear any evidence" and "[i]n failing to request any evidence" and that "the Court had insufficient evidence before it on which to render a judgment due to the incomplete record presented to it by the defendant [commission] and due to the Court's failure to hear any evidence," are completely unsupported and unsupportable.

The record returned by the commission was sufficiently complete to show that it held a lengthy public hearing on the proposed amendment to the regulations and heard evidence that the upgrading of the zone in question was desirable, in view of existing schools and other public facilities, to provide adequately for a safe water supply and proper disposition of sewage. The water company, which owns hundreds of acres of watershed land in the area, supported the change in regulations because no sewers are available in the vicinity and septic tanks must be relied on to care for sewage from dwellings. "It is well settled that an upgrading of a zone in an area such as is here involved is a type of regulation generally upheld. *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145." *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 245, 196 A.2d 427. "It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal." *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274. We find nothing to indicate that the trial court did not justifiably conclude that the plaintiffs failed to sustain their burden of proving an arbitrary or illegal decision

by the commission, and this conclusion required the dismissal of the plaintiffs' appeal.

There is no error.

In this opinion the other judges concurred.