[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Appellant, Rosaireo Langdo, is the owner of a four acre site in Bolton, Connecticut. For several years a rooming house was operated on such Bolton property. In 1986 and/or 1987 the Appellant obtained a building permit to renovate an existing structure into a rooming house.
Mr. Langdo submitted a request for zoning approval for an additional structure to the respondent Bolton Zoning Commission on June 29, 1990. The new structure was characterized by the Appellant as a rooming house. The Bolton Zoning Commission determined that the structure was not a "rooming house" pursuant to its regulations; and denied the application; causing notice of such action to be published on March 27, 1991. This appeal of the decision was filed in timely fashion. CT Page 9577
The parties stipulated that the appellant property owner was aggrieved by the Zoning Commission decision.
The zoning regulations in effect at the time of the application permitted "rooming house" as a use for property which, like the appellants, was in a commercial zone.
The Respondent at a February 20, 1991 meeting considering Appellants' application; referred to their legal counsel the issue of whether the application and plans constituted a "rooming house" or a "multiple dwelling" complex.
The response (Respondent's Exhibit N) found the property was not a "rooming house" but rather a "multiple dwelling". The opinion relied on a review of the plans, ordinary or dictionary meaning of terms and by analogy a statutory definition of the term "roomer" found in Conn. Gen. Stat. Sec. 47a-(j). The applicable zoning regulations did not certain a definition of "rooming house".
The Zoning Commission acted in accordance with its counsel's opinion in finding the proposed structure was not a "rooming house" and denying the application.
ISSUE
Did the Zoning Commission act arbitrarily, illegally or abuse its discretion in denying the application for the construction of the eight unit structure?
The Appellant argues that his existing rooming houses on the property, including the portion for which he obtained building permits in 1986 and 1987 are similar to the proposed structure, and must be considered in defining the term "rooming house" in Bolton.
The viability of Appellants' claim is suspect even if the record were to support it. The general rule is that a municipality cannot be estopped by the unauthorized acts of its officers or agents. Greenwich v. Kristoff, 2 Conn. App. 515,522 (1984); Zoning Commission v. Lescynski, 188 Conn. 724,733 (1982). Exceptions to such rule may only be invoked with great caution in limited circumstances. Greenwich v. Krigtoff, 2 Conn. App. at 522, Zoning Commission v. Lescynski, 188 Conn. at 732. The facts of this case would not approach the rare scenario which would justify estoppel against the zoning commission application of its regulations.
The structure at issue (Respondent's Exhibit C) consists CT Page 9578 of a structure containing eight units. Each unit has two floors, a deck, separate entrances, separate full bath, kitchen, bedroom and an additional room. They each contain a floor area of 773.5 square feet. They clearly resemble a small town house apartment complex.
The Appellant contends that in view of the existence of somewhat similarly styled units on his property, for which building permits were issued; the definition of "rooming house" in Bolton is more generous than what might customarily be associated with each term.
The record does not establish the conformity of the proposed units with pre-existing units on appellants' property; nor does it establish that the respondent ever approved similar units. No evidence is included in the record; nor could the Appellant argue that a previous building permit for similar units was certified by a zoning enforcement official as required by Conn. Gen. Stat. Sec.8-3 (e). Thus, the Court is unable to review a theoretical argument which is not supported by the record. Kyser v. Zoning Board of Appeals, 155 Conn. 236 (1967). Nielson v. Zoning Commission 149 Conn. 410 (1962); Gordon v. Zoning Board, 145 Conn. 597 (1958). The zoning commission's action is reviewed by the court on the basis of the record which was before it.
The record (Respondent's Exhibit C) showed substantial self-contained apartment units which are not a "rooming house under the ordinary meaning of that term. The Appellant has failed to establish that the term "rooming house" has an unusual or special meaning under the Bolton zoning regulations.
The decision of a zoning authority will only be disturbed if it is shown that it was arbitrary, illegal or in abuse of discretion. Beit Havurah v. Bolton Zoning Board of Appeals, 177 Conn. 440, 444 (1979). Where a zoning authority has stated its reasons for its actions, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. Goldberg v. Zoning Commission, 177 Conn. 23, 25-26 (1977), Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984).
The Zoning Commission of Bolton had before it a record presenting an eight (8) unit town house apartment complex as a "rooming house". It reasonably determined that such structure was not a "rooming house" and denied the application. CT Page 9579
The appeal is dismissed.
Hon. Robert McWeeny Superior Court Judge