[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPLEMENT THE RECORD
The plaintiff appeals from denial of issuance of his application for issuance of a special permit seeking to change the use of a clothing store to a donut shop. Among his claims is that the defendant Woodbury Zoning Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in that:
 a. The information supplied by applicant to the defendant was sufficient to enable the Commission to determine that the proposed new use is not a prohibited use (fast food, predominantly take out restaurants), particularly in view of the previous approval of similar uses in the same zoning district.
In a Motion To Supplement The Record, now before the court, the plaintiff urges that it be permitted to offer additional evidence not now part of the record. This would consist of the approved plan of the shopping center in which the subject retail premises is located, records of five other similar businesses, and testimony from the proprietors of those other businesses about the nature of the businesses.
The defendant town objects on the basis that (1) the scope of review is limited to the record; (2) the plaintiff has the burden of creating an adequate record below; (3) there are no extraordinary circumstances to justify supplementing the record.
Despite this objection, the court grants the motion because (1) while the garden variety administrative appeal to Superior Court would not warrant admission of additional evidence to supplement the record, Section 8-8 (K) of the General Statutes permits the record to be supplemented at trial where required for an equitable disposition, (2) despite the defendant's contentions the plaintiff-applicant did make a record that the defendant Zoning Commission had granted similar applications on similar properties in the same zone, (3) there is no definition within the body of the ordinance as to what constitutes a "primarily take-out" restaurant, and the ordinance is therefore ambiguous, (4) that ambiguity justifies admission of evidence showing how the Zoning Commission interpreted this part of the ordinance in the past because the practical construction a zoning commission makes of an ambiguous part of its ordinance becomes weighty CT Page 4032 evidence as to what the law is.
The Town of Woodbury has a zoning ordinance that prohibits certain forms of establishments, specifically, fast food, primarily take-out restaurants." The ordinance contains no definitions for the phrase: "primarily take-out." This has been argued to be vague, ambiguous, and thus open to a form of implicit arbitrary interpretation.
The Connecticut Supreme Court stated the common dictionary definition for the term `take-out' in Spero v. Zoning Board ofAppeals of the Town of Guilford, 217 Conn. 435, 441, 586 A.2d 590
(1991), citing to Webster's Ninth New Collegiate Dictionary.
According to Spero, a take-out restaurant is an establishment selling "food not to be consumed on the premises." Id. The word "primarily," however, is open to various definitions or formulae establishing what it constitutes.
`Primarily,' according to the dictionary, has two possible meanings: (1) first of all, and (2) in the first place. Webster'sThird Int'l. Dictionary (unabridged). The synonyms listed for first of all are "principally," and "fundamentally, " while the synonym for in the first place is "originally." Id.
Assuming that the Town of Woodbury intended to fit its ordinance to the first definition, i.e., principally, and fundamentally, undeniably there is a certain lack of clarity in the zoning regulation. While at first blush the meaning of the term seems clear, a closer look reveals the term primarily is open to more than one form of calculation and definition. Is the determination of primary purpose to be made on a per capita basis where a bare majority of customers eating in would take a use out of the prohibited category of primarily take-out restaurants? Are gross sales of eat-in as opposed to take-out customers the measure of what is or is not "primarily take-out" under the Woodbury ordinance? The ordinance is silent as to the definition of what constitutes "primarily."
A special permit procedure under a zoning ordinance involves a determination whether an application for a use already permitted under certain conditions specified in the ordinance actually meets those conditions. See: WATR, Inc. v. Zoning Boardof Appeals of Bethany, 158 Conn. 196, 200, 257 A.2d 818. One of the functions of a zoning board in determining a special permit application is to determine whether the standards and the relevant zoning regulations are satisfied. Housatonic TerminalCT Page 4033Corporation v. Planning and Zoning Board of Milford, 168 Conn. 304,307, 362 A.2d 1375. On appeal to Superior Court from such board action, the trial court reviews the board's action to determine whether or not the application submitted conformed to the agency's regulations. Barberino Realty Development Corp. v.Planning and Zoning Commission of Town of Farmington, 25 Conn. App. 392,397, 594 A.2d 1025.
The practical construction placed over the years upon ambiguous language in legislation by those charged with its administration becomes weighty evidence of what the law is. Clarkv. Town Council, 145 Conn. 476, 485, 144 A.2d 327; McDonald'sSystem. Inc. v. Zoning Board of Appeals, 28 Conn. Sup. 181,225 A.2d 862. If, when viewing the plaintiff's application, the Woodbury Zoning Board departed from a settled interpretation of its ordinance it used in other similar applications it might indicate an arbitrary exercise of authority. Pursuant to Section 8-8 (K) of the General Statutes, the court is empowered to hear additional evidence to supplement the record where it is required for equitable disposition of the appeal to Superior Court.
As a practical matter unless the record has been lost and needs reconstruction, e.g. Chucta v. Planning Zoning Commissionof Town of Seymour, 154 Conn. 393, 225 A.2d 822, additional evidence is not permitted unless a situation arises which could not be known at the time of the zoning board's public hearing prior to the decision being appealed from. These situations include claims of predetermination, Marmah. Inc. v. Town ofGreenwich, 176 Conn. 116, 405 A.2d 63 (1978); bribery or other corrupt influence, Daly v. Town Plan and Zoning Commission ofTown of Fairfield, 150 Conn. 495, 191 A.2d 250 (1963); selective prosecution of violations, R R Pool Home, Inc. v. ZoningBoard of Appeals of Town of Ridgefield, 11 Conn. L. Rptr. 270,9 CSCR 401.
Here the equitable considerations dictate that the plaintiff be permitted to supplement the record with the evidence it seeks to introduce as to the interpretation the Zoning Board used in prior similar applications. The common rationale of the other exceptions is present in this situation. Originally the applicant could not know that the Board would depart from what the applicant argues was its prior working definition of its ordinance until the Zoning Commission allegedly did so in its decision which brought about this appeal.
The Motion To Supplement The Record is granted. CT Page 4034