[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following damage to a carport structure and porch enclosure incurred during the winter of 1996, the plaintiff, Louise Lim, through her authorized agent and contractor, Bill Sibley, applied for and received two building permits (Rec. M and N) from the Town of Brookfield.
Both permit applications describe the work to be performed as "repair/replacement," and concern property owned by the plaintiff at 22 Lakeview Road, Candlewood Orchards, Brookfield.
The initial permit application, dated May 28, 1996, described the work as "repair and replace roof and shingles" (Rec. M) at a cost of two thousand dollars ($2000).
The second permit application, dated June 28, 1996, described the task as including "replace siding and windows (new) re-frame roof over garage," at a cost of twenty thousand ($20,000) dollars. (Rec. N.) An estimate appended to the application by Mr. Sibley contained the description: "replace windows and siding and new roof on garage."
Nowhere, in either the application or the attached estimates, did the applicant indicate that a new structure would be erected, or that new construction or an addition was either planned or contemplated.
Following the issuance of the permits, Mr. Sibley proceeded to construct substantial improvements to the 22 Lakeview Road property.
On March 13, 1997, William Schappert, acting zoning enforcement officer of the Town of Brookfield, issued a cease and desist order directed to the plaintiff, Louise Lim. (Rec. A-2.)
The cease and desist order alleged four (4) violations of the Brookfield Zoning Regulations: CT Page 3709
(1) Section 242-201A (illegal alteration and construction).
(2) Sections 242-301B and 242-703 (failure to obtain necessary permits and approvals).
(3) Section 242-403A (4) (failure to observe forty-five (45) feet setback requirements).
(4) Section 242-309C (1) (expansion and enlargement of a nonconforming structure).
Shortly thereafter, on April 11, 1997, the plaintiff, Louise Lim, applied for a variance and appealed from the cease and desist order. (Rec. A-1.)
In support of the application for a variance, the plaintiff submitted a plot plan (Rec. A-3) showing the dwelling and garage.
The plaintiff argued that the variance should be granted because:
 Buildings were repaired/rebuilt pursuant to building permit which applicant believed to be valid since it was issued by Building Official. . . .
The Brookfield Zoning Board of Appeals conducted a hearing regarding both the appeal from the cease and desist order and the application for a variance on May 5, 1997.
The hearing was continued until June 2, 1997, when additional testimony was received.
The minutes of the June 2 meeting are part of the record. (Rec. P.) The transcript was not complete, however, and only two pages of the transcription were available. (Rec. L.)
Because the record did not contain a complete transcript of the proceedings before the board, the plaintiff, Louise Lim, was permitted to present additional testimony on March 10, 1998, pursuant to the provisions of § 8-8 (k)(1) of the Connecticut General Statutes.[1]
The additional testimony consisted of a single witness, Building Official William M. Andricovich. Testimony was permitted for the purpose of completing the record, to supplement the CT Page 3710 minutes of the June 2, 1997 meeting (Rec. P), so that the court would have before it all information presented to the defendant, Brookfield Zoning Board of Appeals. Strom v. Planning ZoningCommission, 153 Conn. 339, 343-44 (1966); Faubel v. ZoningCommission, 154 Conn. 202, 204 (1966); Ghent v. PlanningCommission, 219 Conn. 511, 514-15 (1991).
On June 2, 1997, following the second hearing, the defendant, Zoning Board of Appeals of the Town of Brookfield, voted unanimously to uphold the cease and desist order as to three (3) of the violations cited: illegal alteration and construction (242-201A), failure to observe forty-five (45) feet setback requirements (242-403A (4)), and expansion and enlargement of a nonconforming structure (242-309C (1)).
The board sustained the plaintiff's appeal regarding the allegation that necessary permits and approvals were not obtained (242-301B and 242-703).
The plaintiff's request for a variance was also unanimously denied, and a letter was sent. (Rec. Q.)
Notice of both decisions was published. (Rec. R and S.)
In the letter of decision dated June 10, 1997, the defendant, Brookfield Zoning Board of Appeals, denied the variance request, stating as its reason: "The variance would have created a situation allowing the buildings to exist on property other than the applicant's."
From the decisions upholding the cease and desist order, and denying the requested variance, the plaintiff has appealed.
 I AGGRIEVEMENT
The plaintiff, Louise Lim, is the owner of property located at 22 Lakeview Road, Candlewood Orchards. This property was the subject of the cease and desist order of March 13, 1997, and the request for a variance denied by the defendant, Brookfield Zoning Board of Appeals, on June 2, 1997. (Exhibit 1.)
A party claiming aggrievement must satisfy a twofold test: (1) that party must show a specific personal and legal interest CT Page 3711 in the subject matter of the decision as distinguished from a general interest such as the concern of all members of the community as a whole, and (2) the party must show that this specific personal and legal interest has been injuriously affected by the decision. Hall v. Planning Commission,181 Conn. 442, 444 (1980); Primerica v. Planning Zoning Commission,211 Conn. 85, 93 (1989).
The plaintiff's ownership of the property demonstrates that specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 530 (1987). The denial of the requested variance, and the board's sustaining of the cease and desist order on three separate grounds, establishes that the plaintiff's personal and legal interest has been specifically and injuriously affected.
The plaintiff is aggrieved by each of the decisions of the Brookfield Zoning Board of Appeals appealed from.
 II BOARD'S DECISION TO UPHOLD CEASE AND DESIST ORDERS SUPPORTED BY EVIDENCE IN THE RECORD
The defendant board unanimously voted to sustain the cease and desist order on three of the grounds cited by the zoning enforcement officer, William Shappert: (1) illegal alteration and construction (242-201A), (2) violation of setback requirements (242-403A (4)), and (3) expansion larger than the previous nonconforming structure (242-309C (1)). (Rec. P, 1 2.)
The board did not sustain in the portion of the cease and desist order regarding the manner in which permits were obtained (242-301B and 242-703).
The board's decision finds clear and overwhelming support in the written and visual portions of the record which were before it.
The plaintiff concedes that the structure as it existed prior to the storm damage was nonconforming. (Plaintiff's Brief, p. 14.)
The structure consisted of a corrugated roof, no structural walls, and was clearly not constructed according to code. (Rec. E, p. 5.) CT Page 3712
The plaintiff's attorney candidly admitted that there was a "garage structure, whatever you want to call it" rather than a permanent structure. (Rec. E, p. 12.)
Photographs of the property, before and after (Rec. H I), as well as the uncontradicted testimony of those who testified at the May 5 hearing, attest to the transformation of a carport with a corrugated roof held in place by screws. (Rec. E, pp. 20-26.) The zoning enforcement officer provided information regarding the structure which predated the storm damage in 1996. (Rec. E, pp. 28-31.)
A closed in garage had replaced a carport, the structure had been enlarged in height and cubic volume, a door was on the front of the garage, a new closed in porch had replaced an open carport, and columns not previously existing had been extended to the new roof. (Rec. E, p. 31.)
It is beyond dispute that a nonconforming carport was altered and enlarged into a garage, with a permanent door and columns, in violation of § 242-201A of the Brookfield Zoning Regulations.
The plaintiff does not argue that the violations of the sections in question are not supported by the record.
Instead, she argues that because the board sustained her appeal as to the permits, the remaining portion of the appeal should also have been sustained, and failure to do so constituted an abuse of discretion.
This argument is not persuasive.
Section 8-3(f) of the Connecticut General Statutes provides:
 No building permit or certificate of occupancy shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with enforcement of such regulations that such building, use or structure is in conformity with such regulations or is a valid nonconforming use under such regulations.
Despite the testimony of Building Official Michael Andricovich that no sign-off from the zoning enforcement officer had been obtained at the time the permit was issued (TR., M. Andricovich, p. 6), and the absence of any indication in the CT Page 3713 record of action by the zoning enforcement officer before permits were issued, the plaintiff suggests that zoning compliance of the new permanent garage should be assumed consistent with § 8-3
(f). The failure of the board to sustain the portion of the cease and desist order relating to the building permits, plaintiff argues, renders the sustaining of the order on the remaining three grounds arbitrary, and an abuse of discretion.
All parties concede that the plaintiff had a right to repair her damaged nonconforming structure, and the permit application clearly designates the work to be performed as "repair/replacement."
It does not follow, however, that the plaintiff is privileged to make a nonconforming structure more nonconforming, or to transform a temporary carport into a permanent structure in violation of the provisions of the applicable zoning regulations.
The board was fully justified in refusing to sanction a violation of the Brookfield regulations, particularly where the violation has been documented so meticulously.
Although where a nonconformity exists it is a vested right, which adheres to the land itself; Petruzzi v. Zoning Board ofAppeals, 176 Conn. 479, 483 (1979), the plaintiff is not authorized to enlarge, expand, and render more nonconforming her structure, under the guise of making necessary repairs to her property.
When an appeal is taken from a decision of a zoning board of appeals, the court must only determine whether the board correctly interpreted its regulations, and correctly applied them to the facts before it. Thorne v. Zoning Board of Appeals,156 Conn. 619 (1968); Archambault v. Wadlow, 25 Conn. App., 375, 380
(1991).
A court may not substitute its judgment for that of the zoning authority, so long as the board's decision reflects an honest judgment reasonably arrived at, based upon all the facts.Jaser v. Zoning Board of Appeals, 43 Conn. App, 545, 548 (1996);Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137
(1996); Willard v. Zoning Board of Appeals, 152 Conn. 247, 249
(1964); Lupinacci v. Planning Zoning Commission, 153 Conn. 694,699 (1966).
A review of the record demonstrates that the defendant, CT Page 3714 Brookfield Zoning Board of Appeals, properly applied the regulations in sustaining the cease and desist order on all three grounds.
 III PLAINTIFF HAS FAILED TO PROVE A HARDSHIP WHICH JUSTIFIES THE GRANTING OF A VARIANCE
A local zoning board of appeals has the power to grant a variance under § 8-6 (3) of the Connecticut General Statutes, only when two basic conditions have been satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the letter of the zoning ordinances must be shown to cause unusual hardship, unnecessary to the carrying out of the general purposes of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326
(1978); Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655
(1980); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204
(1989).
Proof of hardship is a condition precedent to the granting of a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 368 (1979).
Where the applicant creates a hardship, or creates a nonconformity, the board lacks the power to grant a variance.Kulak v. Zoning Board of Appeals, 184 Conn. 479, 482 (1981);Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982);Osborne v. Zoning Board of Appeals, 41 Conn. App. 351, 354 (1996). The hardship must arise from circumstances or conditions beyond the control of the property owner. Pollard, supra, 39; Smith, supra, 327.
In Highland Park, Inc. v. Zoning Board of Appeals,155 Conn. 40 (1967), an error was made by a surveyor, or foundation contractor operating on behalf of the plaintiff contractor, causing a house to be positioned on a parcel in violation of the zoning ordinances.
The court held that any hardship was attributable to an error of the owner or those employed by him, and did not arise from the operation of the zoning regulations themselves. Highland Park,Inc., supra, 43. CT Page 3715
Here, a builder, Bill Sibley, employed by the plaintiff acted at all times as the plaintiff's agent in obtaining the proper permits, and performing the work which rendered a nonconforming structure more nonconforming in violation of the Brookfield Zoning Regulations.
Where the claimed hardship results from the voluntary act of the owner, a zoning board of appeals lacks the power to grant a variance. Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384
(1967).
This case is distinguished from Osborne, supra.
In Osborne, a surveyor made an honest error causing a house to be positioned in violation of the zoning regulations. The court held that the hardship was not self-created, because the surveyor had been employed by an architect, and not by the owner of the property. Osborne, supra, 354.
Here, the builder was employed by and worked directly for the owner, Louise Lim.
Because any claimed hardship arose due to the acts of the plaintiff, or those employed by her, any hardship was self-created, and therefore not one from which a zoning board of appeals had the power to grand relief in the form of a variance. Highland Park, supra, 42.
 IV THE BOARD'S REASON FOR DENYING THE PLAINTIFF A VARIANCE IS SUPPORTED BY THE RECORD
Where a zoning authority has stated reasons for its action, the question for the court is whether the reasons assigned are reasonably supported by the evidence in the record, and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 86-87 (1993); DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540 (1970); Rogers v. ZoningBoard of Appeals, 154 Conn. 484, 489 (1967).
The letter (Rec. Q) sent in this case represents the formal, official, collective statement of the board, setting forth the reasons for the action. Protect Hamden/North Haven from ExcessiveCT Page 3716Traffic Pollution, Inc. v. Planning Zoning Commission,220 Conn. 527, 544 (1991).
The letter gives as the reason for the denial of the requested variance: "The variance would have created a situation allowing the buildings to exist on property other than the applicant's." (Rec. Q.)
The plaintiff's own plot plan (Rec. A-3) shows a portion of the garage 5.5 feet over the property line, on the property of another.
Although one who has contracted to purchase property has standing to apply for a variance, Shulman v. Zoning Board ofAppeals, 154 Conn. 426, 431 (1967); Goldreyer v. Board of ZoningAppeals, 144 Conn. 641, 645 (1957), the record fails to reveal that the plaintiff had any interest in the adjacent property. No evidence was presented that the plaintiff was a contract purchaser, a lessee, had acquired title by adverse possession, or even enjoyed the status of a licensee, on the property containing a part of her building.
The record clearly supports the board's reason for the denial of the variance, even if the plaintiff was able to demonstrate that any claimed hardship did not result for her own actions.
 V MUNICIPAL ESTOPPEL IS NOT APPLICABLE TO THE FACTS OF THIS CASE
The plaintiff claims, notwithstanding any violations of the Brookfield Zoning Regulations or the merits of her application for a variance, that the municipality is estopped from enforcing its regulations or denying the variance requested, based upon the doctrine of municipal estoppel.
In her application for a variance (Rec. A), the plaintiff claims: "hardship, in that improvements were performed in good faith reliance upon a building permit issued by the town."
This argument was advanced during the public hearings (Rec. E), where the plaintiff indicated that actions by officials of the Town of Brookfield were sufficient to invoke the application of the estoppel theory. CT Page 3717
As a general rule, estoppel can not be invoked against a public agency in the exercise of its governmental function.Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353
(1976); Bianco v. Darien, 157 Conn. 548, 556 (1969).
However, under limited circumstances a municipality may be estopped from enforcing its regulations, only if all of the following are satisfied: (1) the doctrine is to be exercised with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. Dornfriedv. October Twenty-Four, Inc., 230 Conn. 622, 635 (1994); Gelinasv. West Hartford, 225 Conn. 575, 590 (1993); Zoning Commission v.Lescynski, 188 Conn. 724, 731-32 (1982).
Although the doctrine of municipal estoppel has never been applied to support a variance, that possibility has been raised.Bloom v. Zoning Board of Appeals, 233 Conn. 198, 204, n. 8 (1995).
In Lescynski, it was claimed that Sherman town officials were precluded from enforcing a cease and desist order. A certificate of occupancy allowing a slaughtering operation had been issued, and stated that the building "conforms substantially to the requirements of the Building Ordinances and Zoning Regulations of the Town of Sherman." Lescynski, supra, 734.
A bulldozer had even been loaned to the property owner by the town selectman, and preliminary permits had been received for the slaughtering operation sought to be expanded in a residential zone. Lescynski, supra, 732-33.
These facts were not deemed sufficient to enable the property owner to claim the benefit of the doctrine of municipal estoppel.
In the case at bar, the building official is not charged with enforcement of the zoning regulations. There is no evidence that anything said by a zoning enforcement official contributed in any way to the plaintiff's building project, or in any way induced the plaintiff to violate the zoning regulations of the Town of Brookfield.
Nor is there any evidence that the body authorized to grant a CT Page 3718 variance, the Brookfield Zoning Board of Appeals, unjustifiably induced the plaintiff to violate the zoning regulations.
The type of extraordinary factual situation which would compel the doctrine of municipal estoppel to aid a property owner, is not present here, despite the plaintiff's attempt to make the appropriate argument before both the defendant, Brookfield Zoning Board of Appeals, and the court.
 VI CONCLUSION
For the reasons set forth above, the appeal of the plaintiff, Louise Lim, is DENIED.
Radcliffe, J.