RICHARD KNAPP *v.* INLAND WETLANDS COMMISSION
OF THE TOWN OF PROSPECT
(4310)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 14—decision released May 6, 1986

*Kevin M. Doyle,* with whom, on the brief, was *Winifred B. Elton,* for the appellant (defendant).

*Thomas W. Calkins,* with whom, on the brief, was *Nicholas W. Rosa,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court sustaining the plaintiff's

appeal from the denial of his application for a permit to deposit fill on his approved building lot.

The facts are not in dispute. On or about June 13, 1957, a plan of subdivision was filed with the town clerk of the town of Prospect. On September 18, 1969, the plaintiff, Richard Knapp, purchased a portion of the property included in the subdivision, which property included lots 47, 53 and 55 located on Sherwood Drive. The planning and zoning commission of the town approved the application of the plaintiff to combine lots 47, 53 and 55 into a single building lot on June 17, 1970. Subsequently, on October 6, 1982, the plaintiff applied to the planning and zoning commission for a special zoning permit to allow him to deposit fill on the property in order to construct a residence thereon. The planning and zoning commission conditioned its approval of the permit upon approval by the defendant inland and wetlands commission. The plaintiff's application was denied by the defendant. The plaintiff appealed to the Superior Court; General Statutes § 22a-43; which sustained the appeal and rendered judgment for the plaintiff.

On appeal to this court, the defendant claims the court erred in sustaining the plaintiff's appeal because the defendant had made findings of potential harm to wetlands and to the public health resulting from the construction of a septic system and residence on the property. The defendant also claims error in the court's decision that General Statutes § 22a-40 (a) (2), which specifically permits the construction of a residence on a lot for which subdivision approval was obtained prior to 1974, the effective date of the municipal inland wetlands regulations, would also permit the proposed construction on the property. We disagree.

General Statutes § 22a-40 provides in pertinent part: "(a) The following operations and uses shall be permitted in wetlands and watercourses, *as of right* . . .

(2) A residential home . . . (ii) on a subdivision lot, provided the permit has been issued or *the subdivision has been approved by a municipal planning, zoning or planning and zoning commission* as of the effective date of promulgation of the municipal [inland wetlands] regulations . . . . " (Emphasis added.) There is no question here that the plaintiff's lot, the subject of this appeal, was approved prior to the town of Prospect's adoption of inland wetlands regulations and, consequently, that the use of the lot is exempted from any regulation by the defendant. Further, the defendant's own regulations are identical in effect to General Statutes § 22a-40, and adopt the same exemptions.

The defendant's attempt to clothe itself with jurisdiction by separating the construction of a septic system from the construction of a residence is unavailing. It cannot be denied that a septic system is an adjunct to a dwelling and that, in the absence of a municipal sewage system, as here, it would be impossible to maintain a residence without a septic system.

The defendant refuses to acknowledge the fact that the legislature, by express and unequivocal language, has exempted from regulation by the defendant the use of land which has received subdivision approval prior to the creation of the defendant agency. The use of the subject property for a residence would be impossible without a septic system.

We reject the defendant's argument that the exemption does not include the right to construct a septic system. Such an interpretation would render the exemption meaningless. Where legislation allows certain uses as a matter of right, the legislation should not be construed in a manner that would defeat that right. A statute should be construed so as to have meaning, so that the statute makes common sense, and so that there are no bizarre results. *Eagle Hill Corpora-*

*tion* v. *Commission on Hospitals & Health Care,* 2 Conn. App. 68, 75, 477 A.2d 660 (1984). The statute here is unambiguous, but even if it were not, "[w]here a statute is open to two constructions, one of which would have an absurd consequence, a legislative intent to obtain a rational result may be assumed." *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 103, 291 A.2d 721 (1971). We hold that in order to give efficacy to the legislative intent to exempt preexisting approved subdivisions from the defendant's regulation, the plaintiff's right to construct a residential home includes the right to construct a septic system free from the necessity of approval by the defendant. The construction of the statute by the trial court was reasonable, correct and proper under the law.

There is no error.

In this opinion the other judges concurred.