[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a final decision of the defendant Commissioner of the Department of Environmental Protection ("DEP") affirming an order of the DEP to the plaintiffs to remove fill from wetlands on the plaintiff Patricia McManus' property and restore the wetlands. The principal dispute between the parties is whether Conn. Gen. Stat. 22a-40 (a)(1), which exempts farm ponds of three acres or less from wetlands regulation, extends to exempt from such regulation the depositing in wetlands of the materials which result from the excavation of the pond.
The factual findings of the defendant are not in dispute. The plaintiff Patricia McManus is the owner of property known as 1 Blackberry Lane in Wallingford (the "property.") The plaintiff Vincent McManus is her husband. The Muddy River flows through the property. In April, 1987, the plaintiffs excavated a pond, approximately one-third of an acre in size, within wetlands located on the property. The excavated spoils were spread around the edge of the pond in order to provide dry access to the pond by horses and other livestock. The plaintiffs therefore deposited material in a wetland without obtaining a permit for that activity.
In May 1987, the then Commissioner of DEP brought suit against Patricia McManus for an injunction and penalties in connection with the depositing of the excavated spoils in wetlands at the property. On March 6, 1990 the defendant CT Page 614 Commissioner issued the order which is at issue in this appeal — the order to remove the excavated pond spoils and restore the wetland. On March 8, 1990, the Commissioner withdrew the 1987 lawsuit against Mrs. McManus. The March 6, 1990 order was served on the plaintiffs on April 20, 1990 and they thereafter pursued an appeal within the DEP. After a hearing, the March 6, 1990 order of the Commissioner was upheld. The plaintiffs then appealed that ruling to this court pursuant to Conn. Gen. Stat.22a-43 and 4-183, both of which permit an appeal by an aggrieved person.
The court finds that both of the plaintiffs are aggrieved. They are the parties to whom DEP's order of March 6, 1990 was issued and they contest the validity of that order. There is no dispute that they are aggrieved.
The standard of review to be used by the court in reviewing the defendant's decision is set forth in Conn. Gen. Stat. 4-183
(j), which reads in part:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In upholding the Commissioner's March 6, 1990 order to remove the pond spoils and restore the wetland, the hearing officer found that but for the farm pond exemption found in Conn. Gen. Stat.22a-40 (a)(1), the depositing of the spoils would be a regulated activity as defined in Conn. Gen. Stat. 22a-38 (13) and a permit would be required. The plaintiffs do not dispute this conclusion.
The hearing officer then ruled that the depositing of the spoils was not an exempt activity under the farm pond exemption for several reasons: (1) spreading the excavated soils is not necessary for the creation of a farm pond because it is only one of several alternative methods of creating dry access to the CT Page 615 pond; (2) DEP statutes are remedial and are to be liberally construed to accomplish their purpose; likewise, exemptions are to be strictly construed against the person claiming the exemption; (3) the 1987 revision to the statute does not demonstrate that the proper interpretation of the prior statute was at variance with the 1987 amendment; and (4) deference should be given to DEP's long-standing interpretation of the statute. The court finds no errors in the Commissioner's decision nor any violation of statutory provisions or abuse of discretion.
A permit is required for any "regulated activity." Conn. Gen. Stat. 22a-38 (13) defines a regulated activity as
 any operation within or use of a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of such wetlands or watercourses, but shall not include the specified activities in section 22a-40. (emphasis added).
In April, 1987, when the plaintiffs created the pond, Section 22a-40 read in relevant part:
 The following operations and uses shall be permitted in wetlands and watercourses, as of right: (1) Grazing, farming, nurseries and harvesting of crops and farm ponds of three acres or less. . . .
It is DEP's long-standing interpretation of this section that although the excavation of a farm pond is exempt from permit requirements, the depositing of the excavated pond spoils in adjacent wetlands requires a permit. The plaintiffs argue that because depositing the spoils from the digging of the pond is "part and parcel" of the creation and use of the pond, this activity too is exempt under Section 22a-40 (a)(1). In making this argument, the plaintiffs rely in part on Knapp v. Inland-Wetlands Commission, 7 Conn. App. 283 (1986), where the Appellate Court construed the residential home exemption in Section 22a-40
(a)(2) to include an exemption for a septic system as well as the house itself. The court found that it would be "impossible" to use the property for a home without a septic system, which was therefore a necessary part of the exemption.
The evidence presented in this case supported the hearing officer's conclusion that spreading the spoils of pond excavation was not a necessary part of creation of the pond because it is only one of several alternative methods of disposing of the spoils and of creating dry access to the pond for farm animals. CT Page 616 Although spreading the spoils may in some cases be desirable or prudent, it was not shown that spreading the spoils must be part of the creation of a farm pond. One witness in fact testified that most commonly the spoils are removed from the site. All witnesses conceded, however, that several methods of disposing of spoils and creating dry access exist. Knapp is distinguishable, therefore, because it was not established that it would be "impossible" to create a farm pond without spreading the spoils in wetlands. Plaintiffs' argument is not persuasive.
The application of standard rules of statutory construction also leads to the conclusion that a permit is required to deposit the pond spoils in wetlands. Environmental protection statutes are to be liberally construed. Carothers v. Capozziello,215 Conn. 82, 122 (1990). Conn. Gen. Stat. 22a-36, a statement of legislative finding concerning wetlands, demonstrates that the Inland Wetlands and Watercourses Act, Conn. Gen. Stat. 22a-36 to22a-45, is remedial in nature. Such a statute should be liberally construed to favor regulation. The plaintiffs, whose claim is based entirely on the construction of an exemption are faced with the well-recognized rule of statutory construction that exceptions are to be strictly construed. When a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent. Bickart v. Sanditz, 105 Conn. 766, 772 (1927); Willoughby v. New Haven, 123 Conn. 446, 454 (1937).
The statute in question exempts certain "operations and uses." Farm ponds of three acres or less are exempted along with grazing, farming, nurseries, gardening and harvesting of crops. The statute as it was in effect in 1987 made no express reference to the filling of wetlands as exempt if done in pursuit of any of these exempt activities. The rule of strict statutory construction for exemptions bars the interpretation urged by the plaintiffs. The logical extension of plaintiffs' argument, if it were to prevail, is that the legislature intended to exempt from the permitting process the excavation of a pond almost three acres in size and the depositing in adjacent wetlands or watercourses, including flood plains, of the substantial spoils from such a large excavation. There is nothing to suggest that this was the legislature's intention.
Section 22a-40 (a)(1) was amended as of July 1, 1987, several months after the plaintiffs' farm pond was created. Although the statute as amended is not applicable to this case, both parties argue that the amendment sheds light on the proper interpretation of the prior version of the statute.
Public Act 87-533 changed the section so that it read as follows (additions capitalized and underlined): CT Page 617
 (a) The following operations and uses shall be permitted in wetlands and watercourses, as of right:
 (1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less ESSENTIAL TO THE FARMING OPERATION. THE PROVISIONS OF THIS SUBDIVISION SHALL NOT BE CONSTRUED TO INCLUDE ROAD CONSTRUCTION OR THE ERECTION OF BUILDINGS NOT DIRECTLY RELATED TO THE FARMING OPERATION, RELOCATING OF WATERCOURSES WITH CONTINUAL FLOW, FILLING OR RECLAMATION OF WETLANDS OR WATERCOURSES WITH CONTINUAL FLOW, CLEAR CUTTING OF TIMBER EXCEPT FOR THE EXPANSION OF AGRICULTURAL CROP LAND, THE MINING OF TOP SOIL, PEAT, SAND, GRAVEL OR SIMILAR MATERIAL FROM WETLANDS OR WATERCOURSES FOR THE PURPOSES OF SALE.
It appears that under the amended version of the statute, a permit would be required to spread the pond spoils because it would constitute the filling of wetlands. (Plaintiffs do not concede this point.) The plaintiffs argue that the amendment demonstrates that the prior version of the statute did not prohibit filling wetlands as part of the operation or use of a farm pond. However, the plaintiffs offer no legislative history or other authority in support of this conclusion.
DEP, on the other hand, argues just the opposite with respect to the significance of the amendment. DEP claims that the amendment simply clarifies the legislature's intent with respect to the meaning of the original act: that the filling of wetlands was not included as part of the farm pond exemption. However, DEP also offers no helpful legislative history with respect to the intent of P.A. 87-533. Therefore, the court cannot find that this 1987 amendment has any bearing either way on the correct interpretation of Section 22a-40 (a)(1).
The final factor to be considered in interpreting the statute is DEP's long-standing interpretation of the statute. The interpretation of a statute by an agency created to administer that statute is traditionally accorded great deference. Connecticut State Board of Labor Relations v. Board of Education, 177 Conn. 68, 74 (1979); Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496
(1986). The Commissioner has consistently interpreted the statute to exempt the excavation of the pond, but to require a permit if the excavated spoils were to be used as fill in the wetland. The CT Page 618 plaintiffs were made aware of DEP's interpretation in 1985 and they initially did apply for a permit. They later withdrew the application and subsequently created the pond without a permit despite knowledge of DEP's interpretation of the statute. Although DEP's interpretation is not on its own determinative of the court's ruling, the court does afford it some deference, especially insofar as it is consistent with applicable rules of statutory construction.
For all of the foregoing reasons, the court finds that the plaintiffs' spreading of the excavated pond spoils in wetlands on the property was not exempt under Section 22a-40 (a)(1) and a permit was required. The plaintiffs have raised two additional issues on appeal. The first claim is that DEP has waived its administrative jurisdiction by filing and then withdrawing the civil suit which it filed in 1987. The plaintiffs argue that in 1987, when DEP chose to file a civil action pursuant to Conn. Gen. Stat. 22a-44 (b), it waived the right to later issue an order and proceed administratively under Conn. Gen. Stat. 22a-44 (a).
The plaintiffs cite no authority in support of this claim. Moreover, the statute itself suggests that the remedies under subsection (a) and subsection (b) are not mutually exclusive. Section 22a-44 (a) states, "The issuance of an order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section."
No evidence was presented of a "waiver" by DEP of its right to proceed administratively, waiver being the intentional relinquishment of a known right. The plaintiffs' argument appears instead to be one of estoppel, although this claim is no more successful. Generally, estoppel may not be invoked against a public agency in the exercise of its governmental functions. Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 146 (1987); Zoning Commission v. Lescynski, 188 Conn. 724, 731 (1982). Although DEP's decision to file suit against the plaintiffs in 1987 and then withdraw the same in 1990, after three years of litigation, in order to pursue a different remedy is troubling, there is no basis on which the court can find that DEP was precluded from making that change in the remedies sought.
The plaintiffs' final claim is that the Wallingford Inland-Wetlands Commission, not the DEP, has jurisdiction over this matter. On July 1, 1988, DEP transferred jurisdiction over Wallingford inland wetlands and watercourses to the newly created Wallingford Inland Watlands Commission. The DEP authorization letter specifically reserved to the DEP authority over past permits granted and "enforcement activities currently underway." As of July 1, 1988 the DEP and the plaintiffs were already engaged in litigation over the farm pond spoils. CT Page 619
Conn. Gen. Stat. 22a-42 (f) requires the Commissioner to retain authority over any application filed with the Commissioner prior to establishment of the local agency. Although this statute is limited to applications and does not refer to enforcement activities, the legislative intent to have DEP continue with matters already under way seems clear and DEP specifically retained jurisdiction in its letter transferring authority to the Wallingford Inland Wetlands Commission. This was authorized under the incidental powers and other authority of the Commissioner. Conn. Gen. Stat. 22a-39 (a) and (j). DEP issued the March 6, 1990 order prior to withdrawing the lawsuit so it continued to retain jurisdiction over the McManus matter. There is no merit to the plaintiffs' claims. This appeal is dismissed.
VERTEFEUILLE, JUDGE