WILLIAM E. OSBORNE ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF GUILFORD ET AL.
(13889)

Lavery, Spear and Stoughton, Js.

Argued December 7, 1995—officially released May 14, 1996

*William F. Gallagher*, with whom, on the brief, was *Barbara L. Cox*, for the appellant (defendant John T. Conroy).

*Ronald J. Piombino*, for the appellees (plaintiffs).

STOUGHTON, J. The defendant John T. Conroy[1] appeals from the judgment of the trial court sustaining the plaintiffs' appeal from the decision of the zoning board of appeals of Guilford (board) granting the defendant a variance of a setback requirement.

The defendant claims on appeal that the trial court (1) based its conclusion that the granting of the variance was barred by the self-created hardship rule on a finding that was unsupported by the evidence, and (2) improperly failed to recognize a good faith exception to the self-created hardship rule under the facts of this case. Because we agree with the defendant on his first claim, we do not reach the second claim.

The following facts are relevant to this appeal. The defendant enlarged and winterized a former summer residence on property he owns on Mulberry Point Road in Guilford. He hired an architect for the project. The architect retained a land surveyor to stake the corners of the foundation. Under the Guilford zoning regulations, an eight foot sideline setback was required. The surveyor inadvertently staked the sideline at a point only 7.4 feet from the defendant's west boundary, providing a setback that is seven inches less than the required eight feet, but 2.4 feet further from the sideline at issue than the original structure. The error was dis-

---

[1] Although the zoning board of appeals of Guilford was also a defendant in the trial court action, only the defendant John T. Conroy has appealed herein, and we shall refer to him throughout this opinion as the defendant.

covered only after the construction was substantially complete. The surveyor applied to the board for a variance from the eight foot sideyard requirement to permit the setback of 7.4 feet, as already constructed.

The record discloses that the members of the board discussed the application for a variance and concluded that an honest error had been made by the surveyor, that the house had already been constructed and strict enforcement would cause undue hardship, that most of the other houses in the area are on nonconforming lots, that the dwelling as constructed will not have an adverse impact on the comprehensive plan, that the original house was five feet from the abutting property line and that the new house is 7.4 feet from the line, 2.4 feet farther from the sideline than was the old house. The board, therefore, voted unanimously to grant the application for variance. The plaintiffs, the owners of abutting property to the east, appealed to the trial court from the decision of the board.

The trial court determined that the sole issue before it was whether the defendant's hardship was self-created. It found that the defendant had employed the surveyor whose error caused the noncompliance. It concluded that, to date, no good faith exception to the self-created hardship prohibition on the granting of variances has been recognized in Connecticut. It further concluded that the self-created hardship rule precluded the board from granting a variance in this case and sustained the plaintiffs' appeal.

We first consider whether the granting of a variance was barred by the self-created hardship rule. The trial court's finding that the surveyor was retained by the defendant was not a finding made by the board, and the defendant asserts that that finding was not supported by the record.

Ordinarily, "the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Internal quotation marks omitted.) *Mobil Oil Corp.* v. *Zoning Board of Appeals*, 35 Conn. App. 204, 209, 644 A.2d 401 (1994); *Stankiewicz* v. *Zoning Board of Appeals*, 15 Conn. App. 729, 731–32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). The trial court's findings will be upheld unless we find that they "are unsupported by the evidence or . . . are clearly erroneous." *Sink* v. *Meadow Wood Country Estates, Inc.*, 18 Conn. App. 569, 574, 559 A.2d 725, cert. denied, 212 Conn. 809, 564 A.2d 1072 (1989).

The self-created hardship rule provides that "[w]here the applicant . . . creates a nonconformity, the board lacks power to grant a variance." *Kulak* v. *Zoning Board of Appeals*, 184 Conn. 479, 482, 440 A.2d 183 (1981); *Pollard* v. *Zoning Board of Appeals*, 186 Conn. 32, 39, 438 A.2d 1186 (1982).

The surveyor testified before the board that he was retained by the *architect*, and not by the defendant property owner, to mark the offset for the building, and that the surveyor incorrectly placed one of the stakes 0.6 of a foot, seven inches, closer to the west boundary than it should have been. The architect also testified that because of the "tightness" of the lot, *he*, not the defendant, took the precaution of hiring the surveyor to set corner stakes before construction. Nowhere does it appear in the record that the surveyor was other than an independent contractor or that the surveyor was retained by the defendant.

We conclude that the trial court's finding that the surveyor was hired by the defendant was not supported by the record. In light of that conclusion and in the

absence of any evidence that the surveyor was other than an independent contractor in control of his own means and methods of work, " 'except as to the result of his work' "; *Tianti* v. *William Raveis Real Estate, Inc.*, 231 Conn. 690, 697, 651 A.2d 1286 (1995); we conclude that the trial court incorrectly found that the hardship was self-created and then improperly applied the self-created hardship rule. We, therefore, reverse the judgment of the trial court and remand with direction to deny the appeal. Because our decision on the first issue is dispositive, we do not reach the other issues.

The judgment is reversed and the case remanded with direction to render judgment denying the plaintiffs' appeal to the trial court.

In this opinion the other judges concurred.