[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is brought by John Gallagher and Nancy Gallagher challenging a decision of the Zoning Board of Appeals in granting a variance to Dortha Libby. For the reasons stated hereinafter, the appeal is denied.
Dortha Libby is the record owner of property located at 61 New Place Street in Wallingford (in a section known as Yalesville), Connecticut. On June 27, 1995, Ms. Libby, through her contractor Charles Hannington, applied for a building permit to construct a detached garage at the property. The building permit was issued for the construction of the garage and the CT Page 530-L garage was constructed within about three weeks. The proposed and constructed location of the garage is 14 feet from the property line of the abutting property belonging to John and Nancy Gallagher.
The property is located in the R-18 zone in Wallingford. It is a corner lot. For an outbuilding, the Zoning Regulations of the Town of Wallingford require a 20 foot setback from a side yard and a 5 foot setback from a rear yard. (Section 5.1A). Section, 6.2.A.5 provides, in salient part, "[a]ny detached garage . . . located in a side yard shall meet the yard requirements of the principal building in the district in which it is located. . . ."
On July 24, 1995, Dortha Libby applied for a variance of Zoning Regulation section 6.2.A.5 as it applies to the side yard for her newly constructed garage. The claimed hardship was "building permit was issued for the garage based on mistaken interpretation of the zoning regulations." After public hearing, the variance was granted.
John and Nancy Gallagher own the lot which abuts Dortha Libby's property on the side yard the garage was built on. They claim that the Zoning Board of Appeals erred in the granting of the variance, in that Dortha Libby failed to demonstrate unusual CT Page 530-M hardship.
Aggrievement
"To be entitled to an appeal from a decision of the planning or zoning authorities, appellants must allege and prove that they were aggrieved parties. They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal interests [Citations omitted.]" Gregorio v. Zoning Board of Appeals,155 Conn. 422, 425-425 (1967)."
The plaintiffs have testified that they own real estate which abuts the property at 61 New Place, Wallingford. ". . . [A]ggrievement must be established in the trial court. It is a question of fact for the trial court to determine. [Citations omitted.] Parcesepe v. Zoning Board of Appeals, 154 Conn. 46, 47
(1967); Primerica v. Planning Zoning Commission, 211 Conn. 85,93 (1989).
Our legislature has determined that property owners who abut the property in question, as here, are aggrieved persons. CT Page 530-NConnecticut General Statutes section 8-8(1). Therefore, the plaintiffs have established aggrievement.
The Appeal on its Merits
The plaintiffs' appeal challenges the Zoning Board of Appeal's decision; the plaintiffs claim that Dortha Libby has not demonstrated hardship. A zoning board of appeals is
 . . . to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . .
Connecticut General Statutes section 8-6(a)(3). This statutory standard for the consideration of the granting of variances is also codified in the Town of Wallingford Zoning CT Page 530-O Regulations. (Section 9.1.C.3). In considering this issue, this court must not substitute its judgment for that of the Zoning Board of Appeals. If there is support in the record for the decision of the Board, it must be sustained.
 "It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Citations omitted.) Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731-32, 546 A.2d 919 (1988), aff'd, 211 Conn. 76, 566 A.2d 1024 (1989). The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540, 525 A.2d 940
(1987). "[E]vidence is sufficient to sustain an agency's finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204, 209, 644 A.2d 401 (1994).' Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137-38, 677 A.2d 987
CT Page 530-P (1996). Where the board states its reasons on the record we look no further. Westport v. Norwalk, 167 Conn. 151, 162, 355 A.2d 25 (1974).
Jaser v. Zoning Board of Appeals, 43 Conn. App. 545,547-548 (1996).
The reason stated by the Zoning Board of Appeals for the grant of the variance is "health and welfare of the family without altering the character of the neighborhood." The second half of that phrase, "without altering the character of the neighborhood" is not seriously challenged in this appeal and is conclusive, for this matter, that the grant of the variance to Dortha Libby will not "affect substantially the comprehensive zoning plan." Grillo v. Zoning Board of Appeals, 206 Conn. 362,368 (1988).
Hardship, however, cannot be personal in nature to form the basis for the proper grant of a variance. Plaintiffs are correct in their assertion that the stated basis for the grant of this variance is not sustainable. This court's inquiry, however, does not stop there. If the decision is sustainable for other reasons found in the record it must remain undisturbed. The court searches the record to see if it supports the decision. "If the board fails to cite the reasons for its actions, or if its CT Page 530-Q reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. (Citations omitted.)" Stankiewicz v. Zoning Board of Appeals, 546 A.2d 919,920 (Conn.App. 1988).
Correspondence received from the Town Planner, Thomas M. Talbot explained the circumstances that caused the construction of the garage within the side yard setback; "the garage has already been constructed based on a building permit that was issued by the Town. The permit was issued without the realization that this property is a corner lot and that in order for the garage to be located between 5 feet and 20 feet along a side yard, it would have to be located behind both the north and west sides of the house rather than just the west side of the house."
The defendant, Dortha Libby argued before the Zoning Board of Appeals that the regulations were not clear as to the manner of ascertaining the side yard versus the rear yard for a corner lot. It is this lack of clarity, her counsel argued, which contributed to the issuance of a building permit for the location of the garage within fourteen feet of the property line. In any case, her counsel claimed that the issuance of the building permit caused the unusual hardship to Dortha Libby. From a reading of the transcript of the deliberations, it is clear that the Zoning Board of Appeals agreed with this reasoning: CT Page 530-R
 Chairman Carruthers: And, in the course of the applicant relying on the Town's authority in the Building Department, based on the permit, based on the builder, went ahead believing that she was in the right and then, upon completion, learning that there was an error that she had not made. That is definitely a hardship.
Subsequent to the filing of this appeal, our Appellate Court had the opportunity to take up a similar matter. In the matter ofOsborne v. Zoning Board of Appeals, 41 Conn. App. 351 (1996), the Appellate Court reversed a ruling where an aggrieved party challenged a variance that was granted by the Town of Guilford Zoning Board of Appeals. In that case, the side yard was setback was violated in the construction of a house, and so the property owner sought a variance. The Zoning Board of Appeals granted the variance application. The trial court sustained the appeal of the abutter, finding the hardship self-imposed, reasoning that the surveyor who laid the line had been retained by the property owner and, therefore, the hardship was self-imposed. The Appellate Court reversed the trial court, finding the surveyor having been an independent contractor of the architect, based on the record before it. The Appellate Court went on to reverse the decision of the trial court, effectively affirming the grant of variance by the Zoning Board of Appeals CT Page 530-S
 [T]he decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. (Citations omitted.) Ibid at 354.
By analogy to the Osborne case, the Zoning Board of Appeals could reasonably have found that the Wallingford building official who granted the permit for the garage was no agent of the property owner, Dortha Libby, but was operating independent of her, indeed, on behalf of the Town.
"[T]he meaning of `exceptional difficulty or unusual hardship' used in General Statutes Sec 8-6 has been extensively litigated. Smith v. Zoning Board of Appeals, supra, 327. In Smith we said that "[i]t is well-settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the owner." Where the hardship involved "arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in its sound exercise of its liberal discretion, grant the variance." Belknap v. Zoning Board of Appeals, 155 Conn. 380, CT Page 530-T 384, 232 A.2d 922 (1967). Whitaker v. Zoning Board of Appeals,179 Conn. 650, 657-8 (1980).
The Zoning Board of Appeals decision was fairly made after a full hearing (in which the plaintiff was heard in opposition to the application.) It is supported by the record and consistent with statute and case law.
The defendant Libby urges the court to find, in the alternative, that the Zoning Board of Appeals properly applied the doctrine of equitable estoppel in its grant of variance, and, that is an alternate ground for this court to find no error and deny the appeal. The doctrine of equitable estoppel was argued (after a fashion) before the Zoning Board of Appeals and was specifically raised before this court. However, the court need not reach this argument, finding that the grant of variance based on hardship was not clearly erroneous.
The court finds that the Town of Wallingford Zoning Board of Appeals did not act arbitrarily, capriciously, in abuse of its discretion or contrary to statute, law or regulation in its decision to grant a variance to Dortha Libby. Therefore, the appeal is denied.
Munro, J. CT Page 530-U