[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs allege that they are the owners of a parcel of land abutting the land owned by the defendants, the Salcicciolis. (Appeal ¶ 2). The plaintiffs allege that the defendants' land consists of five acres on Barnegat Road, with about 4.1 acres in Pound Ridge, New York, and about 0.912 acres in New Canaan, Connecticut, with a house located on and across the New York-Connecticut state line. (Appeal, ¶¶ 2, 4).
By application dated October 1, 1997, the defendant, John Salciccioli, applied to the defendant, ZBA, for a variance of section 60-14.2 of the New Canaan Zoning Regulations. (Return of Record [ROR], Exhibit 1). Salciccioli sought a variance from the regulations with respect to the side yard setback. The Salcicciolis requested the variance to "allow [the] deck and master bedroom to remain 12'6" and 9'0" respectively rather than 35' as required for a lot in New Canaan less than two acres." (ROR, Exhibit 1).
On November 3, and December 1, 1997, the ZBA conducted public hearings on Salciccioli's application. (ROR, Exhibits 9, 12, 13, 14). After discussion of the application, the ZBA voted unanimously to approve the application "subject to the [planting] of two evergreens at least six (6) feet in height to partially block the sight line; the location to be to the satisfaction of the zoning inspector." (ROR, Exhibit 12). Notice of the Board's decision was published in a newspaper with circulation in New Canaan on December 4, 1997. (Appeal, ¶ 10).[1]
The plaintiffs now appeal the decision from the ZBA's granting of the variance application. They allege that, by granting the variance application, the ZBA "acted illegally, arbitrarily and in abuse of its discretion." (Appeal, ¶ 12). The plaintiffs allege that "(a) there was no hardship to justify the variance of the regulations for the uses requested; (b) any hardship was self-created by the prior acts of the individual defendants or their agents by constructing the improvements without building and zoning permits and in violation of the zoning regulation; [and] (c) the Board failed to assign a proper reason for granting the variance." (Appeal, ¶¶ 12(a), (b) and CT Page 15613 (c)).
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board to the Superior Court. In order to take advantage of a statutory right of appeal, the parties must comply strictly with the statutory provisions that create such a right. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, 487 A.2d 559 (1985).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). At a hearing held by this court on September 29, 1998, the plaintiffs were found to be aggrieved persons pursuant to General Statutes § 8-8(a)(1), in that they are the owners of land abutting the subject property involved in the variance application. At the hearing, the plaintiffs offered a warranty deed for their abutting property into evidence. (Plaintiffs' Exhibit 1). Therefore, the court finds that the plaintiffs are aggrieved and as such have standing to maintain the instant appeal.
General Statutes § 8-8(b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The plaintiffs allege that "notice of the granting of the variances by the Board was published in a newspaper with circulation in New Canaan on December 4, 1997." (Appeal, ¶ 10). The defendants do not contest this fact. (Answer, ¶ 10.) Service of process was made on the town clerk and the chairman of the zoning board on December 15, 1997. This court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom
CT Page 15614v. Zoning Board of Appeals, 233 Conn. 198, 205, 658 A.2d 559
(1995). The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 205-06.
"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing[.]" (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra, 233 Conn. 206. "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id.
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . ." (Internal quotation marks omitted.) Reid v. Zoning Board ofAppeals, 235 Conn. 850, 857, 670 A.2d 1271 (1996). "Our law governing variances is well settled. Section 8-6(a)(3) provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affectingsuch parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusualhardship. . . .'" (Emphasis in original.) Id., 856-57, quoting General Statutes § 8-6(a)(3).
A zoning board of appeals may grant a variance only when two basic requirements are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
"[T]he power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Reid v. Zoning Board of
CT Page 15615Appeals, supra, 235 Conn. 857. "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance." Bloom v. ZoningBoard of Appeals, supra, 233 Conn. 207-08.
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Irwin v. Planning ZoningCommission, 244 Conn. 619, 628, 711 A.2d 675 (1998). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board ofAppeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
"The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." DeBeradinis v. ZoningBoard Commission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). "Although it is desirable for a zoning authority to state the grounds for granting a variance and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the board's decision. If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz v.Zoning Board of Appeals, 15 Conn. App. 729, 732, 546 A.2d 919, aff'd, 211 Conn. 76, 556 A.2d 1024 (1989). If the court cannot find the basis for the board's decision, then the action of the board cannot be upheld. Bloom v. Zoning Board of Appeals, supra,233 Conn. 208.
In this case, when the ZBA granted the variance to the defendants, it did not give any reason for its approval of the request. See Negro v. Zoning Board of Appeals, Superior Court, judicial district of New Haven at New Haven, Docket No. 390439 (May 1, 1997, Blue, J.) ("Although individual members of the ZBA discussed reasons for granting the variance . . . the board did not state a collective, official reason for its action. Accordingly, I must search the record as a whole to determine whether the evidence supports the board's decision. . . . No such evidence has been discovered."). CT Page 15616
The record demonstrates that the defendants were well aware that they did not have the requisite permission and/or permits to build that deck in that location. (ROR, Exhibit 3; Exhibit 13, pp. 2, 6-7.) Mr. Salciccioli admitted on the record that he submitted proposal drawings to both Pound Ridge and New Canaan, and although he received approval from Pound Ridge, no approval was ever granted by New Canaan. (ROR, Exhibit 13, p. 3.) The record is also unambiguous in that the land in question is clearly property in New Canaan. (ROR, Exhibit 13, pp. 4, 7, 12.) In fact, the chairman of the ZBA noted that "[p]ortion of the property in Connecticut will not be severed in title from portion of property in Pound Ridge and will be subject to the laws and regulations of Pound Ridge as though it were Pound Ridge land. I think that's very nice that somebody gave away part of the State of Connecticut." (ROR, Exhibit 13, p. 4.) A permit granted by Round Ridge has no effect on property in New Canaan. Furthermore, Mr. Salciccioli admitted that he knew that the land where he wished to build a deck was in New Canaan and subject to its zoning regulations and laws. (ROE), Exhibit 13, pp. 4, 7, 12.)
The record also contains a memorandum written by the zoning inspector to the ZBA on October 31, 1997. (ROR, Exhibit 3.) In the memorandum, the zoning inspector indicates that "[t]his situation was called to our attention by a New Canaan neighbor, and our investigation resulted in this ex post facto application for a variance." The zoning inspector indicates that he "denied the Salciccioli application to allow a deck and building addition to remain 12.6 ft. and 9.0 ft. from a side line, rather than 50.0 ft. as required in a Four Acre Zone. . . . No permits were taken out in New Canaan. Inasmuch as the New Canaan land is about 30 feet wide, and the required setback is 50 feet, no Permit could have been issued here." (ROR, Exhibit 3.) The entire structure was built in violation of the New Canaan zoning regulations. (ROR, Exhibit 13, p. 17.)
The defendants argued at the hearing that the variance was necessary because of hardship, specifically citing problems of safety. However, the record is devoid of any hardship that would result in the granting of the variance. At the hearing before the ZBA, the defendants argued that the existing patio had problems with drainage, and water would collect, causing ice to form. They noted that their oil tank is located underneath the ground by the patio and the oil company refused to deliver oil when the patio was icy. However, the chairman of the ZBA indicated that CT Page 15617 below-ground oil tanks were "on the way out." Mr. Salciccioli agreed and stated that he intended to make the change. (ROR, Exhibit 13, p. 10.) Furthermore, Mr. Salciccioli admitted that "if [he'd] rebuilt the patio [he] wouldn't have had any of these problems . . . [and if he has] to go that route, that will be the direction [he] will go." (ROR, Exhibit 13, pp. 10-11.)
Mrs. Salciccioli stated at the hearing before the ZBA that the deck was built in "the only place where a deck can go." (ROR, Exhibit 13, p. 15.) However, this argument fails to establish a hardship. The fact that "an alternative location for the deck would be less desirable . . . fails to establish a hardship."Negro v. Zoning Board of Appeals, Superior Court, judicial district of New Haven at New Haven, Docket No. 390439 (May 1, 1997, Blue, J.) (sustaining the appeal because there was no hardship). "Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship." (Internal quotation marks omitted.) Id.
"Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance. . . . The Board is under no duty to extricate an applicant from a self-created hardship." (Citation omitted.)Kalnitsky v. Zoning Board of Appeals, Superior Court, judicial district of New London at Norwich, Docket No. 113810 (Aug. 6, 1998, Purtill, J.T.R.), citing Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982). "The self-created hardship rule provides that [w]here the; applicant . . . creates a nonconformity, the board lacks power to grant a variance." (Internal quotation marks omitted.) Osborne v. Zoning Board ofAppeals, 41 Conn. App. 351, 354, 675 A.2d 917 (1996). If "the claimed hardship arises from the applicant's voluntary act, the zoning board lacks the power to grant a variance. . . . The hardship which justifies a zoning board of appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Citations omitted; internal quotation marks omitted.) Stilson v. City of Danbury Zoning Board of Appeals, Superior Court, judicial district of Danbury, Docket No. 316952 (May 11, 1995, Stodolink, J.).
"Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that CT Page 15618 [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance. . . ." (Alterations in original; internal quotation marks omitted.)Mooney v. Fairfield Zoning Board of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338504 (June 5, 1998, Skolnick, J.).
A review of the record reveals that there is no hardship which would warrant the granting of the variance by the ZBA, and if any does exist, it is a self-created hardship, which does not warrant the granting of a variance. The record reveals that the deck was in place before the defendants applied for the variance. (Appeal, ¶¶ 6-7; ROR, Exhibit 1; ROR, Exhibit 13, p. 17.) Furthermore, the deck was built much larger than the proposed plan which was submitted to both Round Ridge and New Canaan before the deck was built and the variance sought. (ROR, Exhibit 9; Exhibit 13, pp. 13 and 27.)
In addition, there is no hardship which warrants the granting of the variance for the second floor balcony. Mrs. Salciccioli stated that she needed a balcony because "[t]here are French doors off the bedroom. We have no other choice." (ROR, Exhibit 13, p. 30.) However, it is apparent that the French doors were not part of the original house, but added later by the defendants. Mrs. Salciccioli admitted that they did not have to put in the French doors. (Id, p. 31.) Hence, no hardship "owing to land conditions" exists warranting the granting of the variance application for the balcony. See Reid v. Zoning Board ofAppeals, supra, 238 Conn. 856-57, General Statutes § 8-6(a)(3). This is merely a "disadvantageous situation aris[ing] from a voluntary act on the part of the applicant, [and] it cannot be considered a hardship and the Board does not have authority to grant a variance." Kalnitsky v. Zoning Board of Appeals, supra, Superior Court, Docket No. 113810.
Review of the record indicates that the ZBA acted illegally, arbitrarily and in abuse of its discretion when it granted the variance sought by the defendants, the Salcicciolis. The record does not show any hardship which either originates from the land itself or the zoning regulations. At best, the hardship is self-created. As such, the ZBA improperly granted the defendants' variance application.
Because there is no substantial evidence in the record to CT Page 15619 support the finding by the ZBA that a hardship existed, the granting of the requested variance for the deck and balcony was not warranted. Therefore, the appeal is sustained.
Hickey, J.